Totten, J.,
delivered the opinion of the court.
This- is an action of debt for the use of James Low against Jesse Cobb and others, sureties of Joshua. Stone on his official bond as sheriff of Eentress' county.
The bond is dated April 4, 1843, and ■ conditioned in legal form, that the sheriff shall perform the duties of his office for the ensuing two years. At the end of this term, the sheriff was re-elected, and other persons became bound as his sureties.
In July, 1843, an execution in favor of plaintiff"' against Season and Magee for $421 93, issued from the circuit court of Eentress, and came to. the,, hands of said sheriff to be executed. It was levied- on property, alleged to be of sufficient value to satisfy it, but the sheriff returned to October term, 1843, “no sale for • want of bidders.” Thereon an alias execution issued, which came to the sheriff’s hands, January 15, 1844, *20 was levied, and the same return made as before. The plaintiff avers that the sheriff did not bring the money into court, or pay the same, but demeaned himself so negligently, in the premises, that he has lost the benefit of his said recovery.
The defence relied on, under various pleas, is, that the sheriff while acting with due diligence, was unable to sell said property for want of purchasers: that the same remained in his hands undisposed of till the end of his said term of office, when he was re-elected, and defendants were then no longer bound for his official duty. The property, it seems, was never sold, but was finally returned to the debtors.
His Honor, the circuit judge, instructed the jury to the effect, that if the sheriff gave notice and offered the property for. sale, and there was no sale for want of purchasers, during the said term of his offioe for which the defendants as his sureties had become bound, and the property then remained in the hands of. said sheriff — in such case, the defendants as sureties, were not liable for any future negligence of the sheriff in its disposal. There was judgment for the defendants and the plaintiff appealed in error.
We may observe that the case is the same as if a different person had been elected and inducted into the • office of sheriff, in April, 1845, the end of his first term, . at which time responsibility for the official conduct of •the sheriff was transferred from the first to the second ! set of sureties, exe&pt as to duties and-obligations .pre- ■' viously incurred by the sheriff.
Now, when a sheriff goes out of office, it is his duly to deliver to his ’-successor all process in his hands *21 remaining unexecuted, and the new sheriff is bound to execute and return the process according to law: But in regard to the writ of fieri facias, the rule is that the officer who commences its execution is bound to finish it. And therefore, if he have levied a fieri facias on the goods of the debtor, he cannot deliver the writ and the goods to his successor in discharge of himself, but must sell the goods and make proper return in the same manner as if his office had continued.
The law continues his rights and duties as ■ sheriff in this respect, to enable him to finish the execution commenced during his term of office. Clark vs. Withers, 2 Ld. Ray, 1074. Ayre vs. Aden, Cro. Jac. 73. 3 Com. Dig., title Execution, C.
And “when, he has returned that he has seized the goods, and that they remain in his hands pro defecto emptonm, that is no discharge to the sheriff, but only an excuse to the court. But ho must still sell the goods even without a venditioni exponas, and he is compella-ble to do it, though he is out of his office. ”
To enforce this duty a distringas lies against him. 2 Ed. Ray, 1074. 2 Grenl., 47, q. note 2. 2 Tidd’s Pr., 1021.
Now, in the case before us, the sheriff levied the execution in his first term of office, during which the defendants were bound as his sureties, and it is clear from the principles stated, that they continued bound for the legal and final execution of that writ. It is a duty which devolves on the sheriff in virtue of his first' appointment, and for which the new sureties given on his. re-appointment are in no wise bound.
As to the sale of the goods taken in execution: .
*22 If the sheriff return that they remain in his hands “for want of buyers,” the practice is to issue a ven-ditioni exponas: But the sheriff may go on to sell without this writ — and is bound to do so in reasonable time, for the venditioni exponas confers no new power, but only enforces a duty. After reasonable time to effect a sale, the sheriff cannot return that the goods remain in Ms hands “for want of buyers” for that would enable him to defeat the very end of the law.
If a sale cannot be effected for a full price, he must sell for the best he can get. 2 Ld. Kay,. 1075. Cowper B., 406. Camp. B., 523.
It will be seen from this view of the case, that his Honor, the circuit judge, erred in his instructions to the jury — for which error the judgment will be reversed and the cause remanded.
Judgment reversed.